UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY ANNE BRADBURY,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>Defendant. | Case No. 2:22-cv-01621-JDP (SS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 18 & 20 |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 18 & 20. The court grants plaintiff's motion, denies the Commissioner's, and remands the matter for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to

1

support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed an application for SSI, alleging disability beginning August 1, 2001. Administrative Record ("AR") 175-83. After her application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). AR 56-76, 108-12, 118-22. On June 14, 2021, the ALJ issued a decision finding plaintiff not disabled. AR 40-49. Specifically, the ALJ found that:

   1. The claimant has not engaged in substantial gainful activity since November 15, 2019, the application date.

   2. The claimant has the following severe impairments: posttraumatic stress disorder (PTSD), depression and bipolar disorders; asthma,

obesity, and degenerative disc disease.

\* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except no climbing of ladders, ropes, or scaffolds; and, occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, crawling; avoid concentrated exposure to pulmonary irritants and hazards (dangerous moving machinery and unprotected heights); simple routine and repetitive tasks; no public interaction; no tandem joint or shared tasks.

\* \* \*

5. The claimant has no past relevant work.

6. The claimant was born [in] 1973 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has a limited education.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

\* \* \*

10. The claimant has not been under a disability, as defined in the Social Security Act, since November 15, 2019, the date this application was filed.

AR 42-49 (citations to the code of regulations omitted).

1   Plaintiff requested review by the Appeals Council, which denied the request. AR 24-29.
2   She now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff raises two arguments. First, she contends that the ALJ's mental RFC determination is not supported by substantial evidence because he failed to fully develop the record. ECF No. 18 at 2. Second, she argues the ALJ improperly rejected her subjective complaints about her physical impairments, specifically her back and shoulder pain and the propensity for her leg to "go out" and cause her to fall. ECF No. 18 at 8. I find the second argument persuasive and remand for additional proceedings on that basis. I find it unnecessary to weigh the first argument.

Where, as here, the record establishes the existence of medically determinable impairments that could reasonably be expected to cause the symptoms at issue, "an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). If the ALJ rejects the claimant's testimony regarding the severity of her symptoms, he must do so by "offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Meeting this standard requires the ALJ to "state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284.

Here, plaintiff testified that she experienced spikes in lower back pain three to four times a day and that these episodes could last anywhere from half an hour to hours. ECF No. 11-3 at 63, AR at 62. She went on to state that the pain spikes in her lower back radiated down into her hip and leg, sometimes causing her to left leg to "go out" on her. *Id.* at 64, AR at 63. Plaintiff testified that her shoulder pain spiked daily to a severe level—seven out of ten. *Id.* at 65, AR at 64. And, with respect to mental health, she testified that she had panic attacks, heard disembodied voices, and saw unreal things on the edges of her peripheral vision on a daily basis. *Id.* at 68-89, AR at 67-68.

The ALJ, after finding that plaintiff's medically determinable impairments could reasonably be expected to cause her symptoms, discounted her subjective testimony. *Id.* at 47-48, AR at 46-47. In doing so, however, he failed to specify what testimony was not credible and what facts in the record cut against plaintiff's credibility. The ALJ opined only, "[a]s for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because the record does not support the general loss of functioning." *Id.* at 48, AR at 47. And with respect to her complaints about mental health, he found "[t]he claimant's reported anxiety and paranoia is inconsistent with the medical evidence of record." *Id.* These cursory rejections, which fail to specify what testimony the ALJ found non-credible and broadly reference the record without identifying specific portions, are inconsistent with the requirement that the ALJ offer specific, clear, and convincing reasons for discounting a claimant's subjective testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination. This was legal error.").

I find it appropriate to remand this case for additional administrative proceedings. The ALJ's failure to specify his reasons for rejecting plaintiff's subjective testimony in this instance does not mean that valid reasons to reject the testimony could not be provided. *See McKenzie v. Kijakazi*, No. 1:20-cv-0327-JLT, 2021 U.S. Dist. LEXIS 180323, *49 (E.D. Cal. Sept. 20, 2021) ("The matter may be remanded further proceedings where the ALJ failed to explain with sufficient specificity the basis for rejecting the claimant's testimony.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 18, is GRANTED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 20, is DENIED.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated: January 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6